UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HERMAN ORTEZ,

                              Plaintiff,

                -vs-                                                13-CV-671-JTC

FIRST ASSET RECOVERY GROUP, LLC,

                              Defendant.
_____

## INTRODUCTION

On June 25, 2013, plaintiff Herman Ortez filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, First Asset Recovery Group, LLC, failed to appear and defend this action, which resulted in the Clerk of the Court entering default on October 11, 2013.  Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Item 8.  For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.     Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a).  Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the

amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2.   Liability

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claims asserted, defendant was a business entity engaged in the business of debt collection, with a principal place of business in North Tonawanda, New York. Plaintiff alleges that on January 2, 2013, defendant attempted to collect a debt by calling plaintiff at his residence and leaving a pre-recorded voicemail message in which defendant did not disclose its true identity and did not state that the communication was from a debt collector. Plaintiff alleges that this conduct violated a number of the provisions of the FDCPA, including sections 1692d(6), 1692e(11), and 1692g(a). These provisions of Title 15 prohibit various acts, including placement of a telephone call without meaningful disclosure of the caller's identity; failing to disclose in the initial oral communication that the

-2-

debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and failing to provide proper written notice within five days of the initial communication.   Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

### 3.      Damages

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA.  The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating."  *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including among other things contacting plaintiff in connection with collection of a debt without disclosing the debt collector's true identity, failing to advise plaintiff that the purpose of the call was to collect a debt, and plaintiff's consent, and failing to provide written statutory notice within five days of the initial communication.  Under the circumstances, and considering the relative infrequency of

pleaded instances of noncompliance, the limited number of individuals adversely affected, and the absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages.  The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.     **Attorneys' Fees and Costs**

       The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,

522 F.3d 182, 190 (2d Cir. 2008).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's counsel has submitted a declaration documenting a total of 12.9 hours of work on the case for which compensation is sought, including a combined 4.8 hours by six attorneys, a combined 7.1 hours by four paralegals, and 1 hour by other support staff.  Two of the attorneys charge an hourly rate of $335, and the other four attorneys charge $175 per hour.  The hourly rate charged for paralegals is $135, while the rate for administrative staff is $100 per hour.  *See* Item 10, p. 2.

The court finds the number of attorney hours expended on the case to be reasonable but, with the exception of the rate of $175, the court finds the requested hourly rates excessive compared to the prevailing market rates in this district for FDCPA cases. *See, e.g., Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (granting motion for default judgment and awarding fees to lawyers from same law firm at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Additionally, courts generally hold that, while most paralegal tasks are compensable, "clerical and secretarial services are part of overhead and are not generally charged to clients." *Guardado v. Precision Fin., Inc.*, 2008 WL 822105, at *6 (E.D.N.Y. Mar. 25, 2008) (internal citation omitted); *see also Carbin*, 2013 WL 4779231, at *3; *Dotson v. City of Syracuse*, 2011 WL 817499, *26 (N.D.N.Y. Mar. 2, 2011).

Based upon its review of FDCPA cases litigated in the Western District of New York, the court finds that the prevailing local hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff provide a reasonable basis for calculation of the award of fees in this case. The 1 hour spent on administrative/secretarial tasks by support staff is not compensable. Accordingly, the court awards attorney's fees in the amount of $1462.50 — 1.2 hours at $250/hr ($300), 3.6 hours at $175/hr ($630), and 7.1 hours at $75/hr ($532.50). The court has reviewed the plaintiff's request for costs and finds the $638.00 request for filing and service of process fees reasonable.

## CONCLUSION

Based on the foregoing, plaintiff's motion for default judgment (Item 8) is GRANTED. Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1462.50 in attorney's fees, and $638.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:    April 2 , 2014
p:\pending\2013\13-671.mar26.2014